**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-04510-5-JNC |
| THE LITTLE MINT, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND TO CONTINUE CERTAIN CUSTOMER PROGRAMS**

The above-captioned Debtor-in-possession (the "Debtor") files this motion (the "Motion"), pursuant to sections 105(a), 363(b), 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing, but not directing, the Debtor to honor certain pre-petition obligations to customers, and to continue certain customer programs in the ordinary course of business. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a), 363, 507(a)(7), 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004(h).

44378741\6

**BACKGROUND**

A.   **General Background**

3.   On today's date (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Case").  The Debtor remains in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.   The Little Mint, Inc. (the "Debtor") is a North Carolina corporation, founded in 1991 and headquartered in Mount Olive, North Carolina, that operates a fast casual restaurant chain known as "Hwy 55 Burger Shakes & Fries".  In addition to its corporate office, the Debtor currently has 93 locations, consisting of 22 corporate-owned stores and 71 franchised stores. Prior to filing, the Debtor closed 13 corporate-owned stores. The stores are located primarily throughout the Southeast, with operations in North Carolina, South Carolina, Georgia, Florida, Tennessee and Texas.

5.   The events leading up to the Petition Date and the facts and circumstances supporting the relief requested in this Motion are set forth in the Declaration of Kenneth Moore, President, in Support of the Debtor's Chapter 11 Petition and First-Day Pleadings (the "First Day Declaration").

B.   **The Debtor's Customer Programs**

6.   Prior to the Petition Date and in the ordinary course of their business, the Debtor engaged in certain practices to maximize sales, engender customer loyalty, and develop and sustain brand loyalty and a positive reputation in the marketplace.  These practices include without limitation: (i) a gift card program (the "Gift Card Program"); (ii) punch cards and rewards application program (the "Loyalty Program"); and (iii) coupons/discounts (the

"Discount Program" and, together with the Gift Card Program and the Loyalty Program, the "Customer Programs").

7. Many other fast-casual restaurant chains operate similar customer programs, which are designed to ensure customer satisfaction, and generate brand loyalty and goodwill. The Debtor needs to continue its Customer Programs to remain competitive in their industry, and to help it retain and attract customers.

i. Gift Cards

8. Prior to the Petition Date, the Debtor issued pre-paid gift cards (the "Gift Cards"), which are redeemable by customers at any of the Debtor's locations. The Debtor utilizes a company called Paytronix to facilitate the sale and redemption of gift cards. The funds from all gift card sales go into a single account (the "Gift Card Account") which is controlled by Paytronix, regardless if the gift card was purchased from a corporate-owned location or a franchised location. Gift cards may be purchased and redeemed at any location, regardless of the point of sale. When a card is sold, funds are transferred from a store's account directly into the Gift Card Account. Profit is not realized when a gift card is sold, but only when a gift card is redeemed. As of the Petition Date, the amount of outstanding Gift Card Account totaled approximately $258,881.05. However, only $43,912.32 of this total has been sold in the last 24 months, leaving $214,968.73 as "stale" gift cards.

9. Programs such as the Gift Card program are common in the marketplace, and are an essential component of many restaurant chains' competitive offerings. Customer confidence and goodwill, and the Debtor's ability to remain competitive, would be severely harmed, and the Debtor's revenues would decline, if the Debtor was unable to honor pre-petition Gift Cards. In addition, the Debtor believes that continuing to honor Gift Cards will contribute to additional

3

sales, as customers redeeming Gift Cards often make purchases in excess of the amounts on their cards.

    ii.    <u>The Loyalty Program</u>

10.    Under the Loyalty Program, the Debtor issues customer loyalty rewards through physical punch cards. Customers can redeem the card for various menu items after a certain number of purchases. Historically, the Debtor also offered an online Rewards Program; however, that program has been phased out in lieu of the simplified approach of punch cards.

11.    As of the Petition Date, the Debtor has reached out to all loyalty members and redeemed all points. The Debtor anticipates that all of these credits have been redeemed, in part due to the phase out of the program overall. The Debtor envisions the punch card program to continue post-petition.

    iii.    <u>The Discount Program</u>

12.    Occasionally, the Debtor will issue targeted discounts in order to increase sales and obtain new customers (e.g., offers of discounts to students at nearby colleges or senior citizens). These discounts range from 5% to 10%.

13.    The Debtor also occasionally prints coupons in flyers for specific locations, sends coupons by email blasts, and offers various other promotions and discounts.

## **RELIEF REQUESTED**

14.    The Debtor requests entry of an order: (a) authorizing it to pay and/or otherwise honor its pre-petition obligations owed on account of its Customer Programs; and (b) authorizing it to maintain its Customer Programs post-petition.

**BASIS FOR RELIEF REQUESTED**

15. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, a debtor-in-possession is a fiduciary "holding the bankruptcy estate and operating the business for the benefit of [its] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." *Id*. Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id*. The *CoServ* court specifically noted that the pre-plan satisfaction of pre-petition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ." *Id*. Accordingly, the Debtor's request to pay the pre-petition claims associated with the Customer Programs is consistent with its fiduciary duties to maintain the going-concern value of their business.

16. Consistent with the Debtor's fiduciary duties, courts have also authorized payment of pre-petition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of pre-petition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983). The Debtor has demonstrated a sound business purpose in seeking to maintain the Customer Programs in order to maintain customer loyalty.

17. The Debtor notes also that its obligations to customers for the Gift Cards and Gift Certificates may be entitled to priority treatment pursuant to section 507(a)(7) of the Bankruptcy Code which grants a seventh-level priority to:

> allowed unsecured claims of individuals, to the extent of $3,025, for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(7). Money collected pre-petition by the Debtor pursuant to Gift Card sales falls within this priority category.

18. The purchase of Gift Cards and Gift Certificates represents a "deposit . . . of money in connection with the purchase . . . of property, or the purchase of services, for the personal, family, or household use of such individual." All of these individual "deposits" held pursuant to the sale of Gift Cards are less than $3,025 and, unless this Motion is granted, such "deposits" will represent goods or services "that were not delivered or provided." Thus, the Debtor's customers who hold Gift Cards will likely be entitled to receive payment in full before payment of claims of general unsecured creditors.

19. In addition, the Court may authorize the Debtor to honor its obligations under the Customer Programs under section 105(a) of the Bankruptcy Code, which grants broad authority to a court to enforce the provisions of the Bankruptcy Code under equitable common law doctrines. This section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

6

20. Courts in this district have authorized Debtors to honor pre-petition gift cards, obligations to customers and maintaining customer loyalty programs. *See*, *e.g.*, *U.S. Tobacco Cooperative Inc., et al* Case No. 21-01511 (JNC) (Bankr. E.D.N.C. July 12, 2021) (debtor was allowed to honor pre-petition obligations owed on account of customer programs, including pre-petition coupons); *In re Skin Sense, Inc.* Case No. 16-05626 (JNC)( Bankr. E.D.N.C. December 1, 2016) (debtor allowed to honor pre-petition gift cards, provide refunds, and continue certain promotions).

21. Courts have used their section 105(a) powers under the "doctrine of necessity" to authorize payment of a debtor-in-possession's pre-petition obligations where, as here, such payment is an essential element of the preservation of the debtor-in-possession's potential for rehabilitation. *See*, *e.g.*, *In re Just for Feet, Inc.,* 242 B.R. 821, 825 (D. Del. 1999) (recognizing the "Court's power to authorize payment of pre-petition claims when such payment is necessary for the Debtor's survival during chapter 11"); *In re Columbia Gas Sys., Inc.,* 171 B.R. 189, 191-92 (Bankr. D. Del. 1992) (debtor is entitled to pay certain pre-petition creditors when payment is "essential to the continued operation of the business").  As discussed above, continuing to honor its obligations under the Customer Programs is essential to the Debtor's reorganization.

22. Retaining loyalty and patronage of customers is critical to successful chapter 11 cases, and a debtor's ability to maintain and honor its commitments to its customers is very important in this regard.  Accordingly, the Debtor respectfully submits that they should be allowed to honor its obligations under the Customer Programs.

**BANKRUPTCY RULE 6003 IS SATISFIED AND A STAY SHOULD NOT BE IMPOSED**

23. The Debtor submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein and in the

First Day Declaration, Bankruptcy Rule 6003 has been satisfied and the relief requested in this Motion should be granted. The Debtor's customers redeem gift cards on a daily basis. Accordingly, the Debtor urgently needs immediate relief to honor the gift cards and the Customer Programs, so that customers do not experience interruptions in their ability to redeem the gift cards and/or otherwise participate in the Customer Programs.

24. The Debtor also seeks a waiver of any stay of the effectiveness of an order approving this Motion. Bankruptcy Rule 6004(h) provides, "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the relief requested herein is essential to prevent irreparable damage to the Debtor's operations, going concern value, and its efforts to pursue a resolution to this Chapter 11 Case.

25. Accordingly, the relief requested in this Motion should be granted under Rule 6003, and should be immediately effective notwithstanding Rule 6004(h).

## **NOTICE**

26. The Debtor has provided notice of this Motion either by electronic mail, facsimile, overnight delivery or United States First Class mail to: (i) the Office of the Bankruptcy Administrator for the Eastern District of North Carolina; (ii) each of the Debtor's top 20 largest unsecured creditors; (iii) any secured creditor; and (iv) all parties who have submitted requests for service and notice of filings in the Chapter 11 Cases. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested in this Motion, and granting any additional relief as is just and proper.

Dated: December 31, 2024  **HENDREN, REDWINE & MALONE, PLLC**

s/ Rebecca F. Redwine
Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Stoney (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile:  (919) 420-0475
Email: jhendren@hendrenmalone.com
         rredwine@hendrenmalone.com
         bwaller@hendrenmalone.com
         lstoney@hendrenmalone.com
*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-04510-5-JNC |
| **THE LITTLE MINT, INC.** ) | |
| ) | Chapter 11 |
| **Debtor.** ) | |

### NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the **DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND TO CONTINUE CERTAIN CUSTOMER PROGRAMS** (the "Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court by **Monday, January 6, 2025 by 5:00 p.m.**; and,

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto on **Tuesday, January 7, 2025 at 11:00 a.m. at the United States Bankruptcy Court in Greenville, North Carolina**. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice.

DATE: December 31, 2024              **HENDREN, REDWINE & MALONE, PLLC**

                                                             s/Rebecca F. Redwine
Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Stoney (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com
       bwaller@hendrenmalone.com
       lstoney@hendrenmalone.com
*Counsel for the Debtor*

44378741\6

# EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-04510-5-JNC |
| THE LITTLE MINT, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### ORDER GRANTING MOTION OF THE DEBTOR FOR
### ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO
### HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS,
### AND TO CONTINUE CERTAIN CUSTOMER PROGRAMS

Upon consideration of the Motion of the Debtor for Entry of an Order Authorizing the Debtor to Honor Certain Prepetition Obligations to Customers, and to Continue Certain Customer Programs (the "Motion")[1] for entry of an order authorizing it to pay and/or otherwise honor its pre-petition obligations owed on account of its Customer Programs, and to maintain its Customer Programs post-petition; the Court having reviewed the Motion and having heard the statements of counsel in support of the requested relief at a hearing on the Motion; the Court finding that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; notice of the Motion and the hearing having been appropriate under the circumstances; and after due deliberation and cause appearing therefore

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings provided in the Motion.

2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, to pay and/or otherwise honor its pre-petition obligations owed on account of its Customer Programs, and to maintain its Customer Programs post-petition.

3. All of the Debtor's banks are authorized and directed to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtor's accounts to make the payments authorized by this Order, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

4. Neither the Motion, this Order, nor the Debtor paying or honoring any obligation under the Customer Programs shall be deemed an admission as to the validity or priority of any claim against the Debtor or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

5. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

6. Notwithstanding any applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

7. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**END OF DOCUMENT**