**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-04510-5-JNC |
| THE LITTLE MINT, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

**COMES NOW** The Little Mint, Inc. (the "Debtor"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 365 and files this Motion to Reject Certain Unexpired Leases of Non-Residential Real Property ("Motion"), seeking entry of an order immediately rejecting certain unexpired leases as detailed herein. In support of this Motion, the Debtor shows the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on December 31, 2024. The Debtor continues in possession of its assets, operates its business, and manages its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Little Mint, Inc. (the "Debtor") is a North Carolina corporation, founded in 1991 and headquartered in Mount Olive, North Carolina, that operates a fast casual restaurant chain known as "Hwy 55 Burger Shakes & Fries". In addition to its corporate office, the Debtor currently has 93 locations, consisting of 22 corporate-owned stores and 71 franchised stores. Prior to filing, the Debtor closed 13 corporate-owned stores. The stores are located primarily throughout

the Southeast, with operations in North Carolina, South Carolina, Georgia, Florida, Tennessee and Texas.

**Request for Rejection of Unexpired Leases of Real Property**

4. As part of its efforts to restructure, the Debtor closed some of its corporate-owned stores (the "Closed Corporate Stores") and seeks to immediately reject the associated leases. In addition to the Closed Corporate Stores, the Debtor has reviewed and identified certain leases that are a burden on the Debtor and its estate and are likely to continue to drive losses for the Debtor, as well as certain leases related to restaurant locations that were previously closed, on which the Debtor may or may not have potential remaining liability.

5. The Debtor requests that the leases associated with the Closed Corporate Stores and all other leases set forth on the attached **Exhibit A** (collectively, the "Rejected Leases'), be rejected immediately, as of the date of this Motion.

6. To the extent that they were not terminated prior to the Petition Date or subject to immediate termination by receipt of this Motion, the Debtor requests that each of the Rejected Leases be deemed rejected as of the date of this Motion.

7. The Rejected Leases require the payment of base monthly rent, applicable sales taxes, and prorated common area and real estate tax expenses associated with each applicable location. The Rejected Leases remaining at the identified properties have no value or benefit to the estate.

8. The Rejected Leases are not necessary to the Debtor's reorganization, have no value to the estate, and their rejection is in the best interests of the estate and its creditors.

9. The Debtor seeks to reject the Rejected Leases in accordance with principles of sound business judgment and the circumstances of this case. The Rejected Leases are, and will

continue to be, a burden to the Debtor's estate. There are no longer operations at some of the particular restaurants subject to the Rejected Leases, and the Debtor has no further use for those locations. The Debtor has vacated or will vacate these premises as of the Petition Date, and the Rejected Leases no longer provide any economic benefit to the Debtor's estate.

10. Additionally, the Debtor has determined, in its reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Leases.

11. To the extent notice of the Debtor's intention to reject the Rejected Leases and has not been previously provided, the filing and service of this Motion shall serve as notice of the Debtor's intention to reject the Rejected Leases listed on **Exhibit A.** A proposed order is attached hereto as **Exhibit B**.

### Request for Bar Date for Assertion of Claims Related to the Rejected Leases

12. In addition to the rejection of the Rejected Leases, the Debtor requests that the Court set a bar date for the assertion of any claims related to the rejection of the Rejected Leases, or arising out of or related to the subject of any of the Rejected Leases as follows:

    a. Any claim arising from the rejection of any of the Rejected Leases and LEASES shall be filed within 30 days after the date of the entry of the order allowing this Motion, and if not timely filed any such claim shall be barred; and

    b. Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of any of the Rejected Leases shall file with the Court within 30 days after the date of the entry of the Order allowing this Motion (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed any such claim shall be barred. It shall not be

sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to any of the Rejected Leases without timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim. Any proofs of claim filed by a creditor asserting an administrative claim arising out of or related to any of the Rejected Leases that are filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim shall be disallowed.

      c.      The Debtor reserves any and all rights to object to any rejection damage claims or other claims filed by any Counterparty.

WHEREFORE, the Debtor prays for the following relief:

      1.      That the Court enter an order providing that, to the extent that the Rejected Leases were not terminated prior to the Petition Date or subject to immediate termination by receipt of this Motion, the Rejected Leases are rejected as of the date of this Motion;

      2.      That the Court set a bar date for the assertion of any claims related to the rejection of the Rejected Leases or arising out of or related to the subject of any of the Rejected Leases as requested herein; and

      3.      For such other and further relief as the Court may deem just and proper.

Dated: December 31, 2024                    **HENDREN, REDWINE & MALONE, PLLC**

                                               */s/ Lydia C. Stoney*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Stoney (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com

                                                  rredwine@hendrenmalone.com  
                                                  bwaller@hendrenmalone.com  
                                                     lstoney@hendrenmalone.com  
                                                         *Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 24-04510-5-JNC** |
| **THE LITTLE MINT, INC.** ) | |
| ) | **Chapter 11** |
| Debtor. ) | |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the *MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY* ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court within **FOURTEEN (14) DAYS**; and

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date to be determined by the United States Bankruptcy Court. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice.

DATED: December 31, 2024          **HENDREN, REDWINE & MALONE, PLLC**

*/s/ Lydia C. Stoney*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Stoney (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
           rredwine@hendrenmalone.com
           bwaller@hendrenmalone.com
           lstoney@hendrenmalone.com
*Counsel for the Debtor*

## **EXHIBIT A**

## **Leases to be Rejected**

| Location | Address | Status | Rejection Counterparty | Tenant | Guarantor |
|---|---|---|---|---|---|
| Brunswick, GA | 399 Canal Rd., Brunswick, GA 31525 | Closed | TWP Brunswick Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Fayetteville, TN | 1375 Huntsville Hwy Fayetteville, TN 37334 | Closed | TWP PCP Fay Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Florence, AL | 3150 Cloverdale Rd Florence, AL 35633 | Closed | Hwy 55 Florence, LLC | The Little Mint, Inc. | Kenney Moore |
| Guntersville, AL | 14400 US Hwy 431 Guntersville, AL 35976 | Closed | Hwy 55 Guntersville, LLC | The Little Mint, Inc. | Kenney Moore |
| Lawrenceburg, TN | 2128 A. North Locust Ave. Lawrenceburg, TN 3846- | Closed | TWP Law Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Locust, NC | 124 James Avenue Locust, NC 28097 | Closed | TWP PCP LOC I Retail, LLC | The Little Mint, Inc. and WeGravity, Inc. | Kenney Moore |
| Murfreesboro, TN | 5131 Franklin Rd. Murfreesboro, TN 37128 | Closed | TWP MF Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Muscle Shoals, AL | 1320 Woodward Avenue Muscle Shoals, AL 35661 | Closed | Net Lease Associates-Muscle Shoals, LLC | The Little Mint, Inc. | Kenney Moore |
| Statesville, NC | 294 Turnersburg Hwy Statesville, NC 28625 | Closed | TWP PCP State Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Waycross, GA | 2102 Memorial Dr. Waycross, GA 31501 | Closed | TWP Way Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Wylie, TX | 2020 N. Hwy 78 Wylie, TX 75098 | Closed | TWP Wylie Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Boaz, AL | 1117 Us Highway 431 Boaz, AL 35957 | Closed | Hwy 55 Boaz, LLC | The Little Mint, Inc. | Kenney Moore |
| Zachary, LA | 5353 Main Street Zachary, LA 70791 | Closed | Captain D's, LLC | The Little Mint, Inc. | Dylan James Management, Inc., Moon Unit, Inc., A&E Vends, Inc. |
| Denham Springs LA | 19 South Range Avenue, Denham Springs, LA 707 | Closed | Captain D's, LLC | The Little Mint, Inc. | Dylan James Management, Inc., Moon Unit, Inc., A&E Vends, Inc. |
| Ennis, TX | 391 North Sonoma Trail, Ennis, TX 75119 | Closed | Net Lease Associates-Ennis, LLC | The Little Mint, Inc. | Kenney Moore |
| Marion, NC | 2560 Sugar Hill Road, Marion, NC 28752 | Closed | TWP PCP Marion Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Corporate Home Office-Mount Olive, NC | 102 Commercial Avenune, Mt. Olive NC 28365 | Open | Double Dimension, LLC | Moon Unit, Inc. | Dylan James Management, Inc., The Little Mint, Inc., Kenneth K. Moore |
| Gallatin, TN | 1006 Westgate Drive, Gallatin, TN 37066 | Closed | TWP PCP Gall Retail, LLC | The Little Mint, Inc. | Kenney Moore |
| Live Oak, FL | 1955 Ohio Ave N., Live Oak, FL | Closing | Centurion Equity Partners, LLC | The Little Mint, Inc. | Kenney Moore |
| Athens, TX | 908 East Tyler Street, Athens, TX 75751 | Closed | TWP PCP ATHTX RETAIL, LLC | The Little Mint, Inc. | Kenney Moore |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-04510-5-JNC |
| THE LITTLE MINT, INC. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER ALLOWING MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

THIS MATTER comes before the Court upon the Debtor's Motion to Reject Certain Executory Contracts with the City of Raleigh which was filed on December 31, 2024 (the "Motion"). After proper notice and an opportunity for a hearing and based on the record in this case and the evidence presented, it appears that the Motion was duly served and that the relief requested therein is proper and should be granted. Accordingly, based on the Motion and the record in this case, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on December 31, 2024. The Debtor continues in possession of its assets, operates its business, and manages its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Little Mint, Inc. (the "Debtor") is a North Carolina corporation, founded in 1991 and headquartered in Mount Olive, North Carolina, that operates a fast casual restaurant chain known as "Hwy 55 Burger Shakes & Fries". In addition to its corporate office, the Debtor currently has 93 locations, consisting of 22 corporate-owned stores and 71 franchised stores. Prior to filing, the Debtor closed 13 corporate-owned stores. The stores are located primarily throughout the Southeast, with operations in North Carolina, South Carolina, Georgia, Florida, Tennessee and Texas.

4. As part of its efforts to restructure, the Debtor closed some of its corporate-owned stores (the "Closed Corporate Stores") and seeks to immediately reject the associated leases. In addition to the Closed Corporate Stores, the Debtor has identified certain leases that are a burden on the Debtor and its estate and are likely to continue to drive losses for the Debtor, as well as certain leases related to restaurant locations that were previously closed, on which the Debtor may or may not have potential remaining liability.

5. Prior to the Petition Date, the Debtor entered into certain leases as set forth in **Exhibit A**, which, if they have not already been terminated or are not subject to immediate termination, the Debtor desires to reject immediately and as of the date of this Motion (collectively, the "Rejected Leases').

6. The Rejected Leases are not necessary to the Debtor's reorganization, have no value to the estate, and their rejection is in the best interests of the estate and its creditors.

7. It is appropriate to establish a bar date of 30 days from the entry of this Order for the assertion of any claims arising from the rejection of any of the Rejected Leases, or arising out of or related to the subject of any of the Rejected Leases.

NOW, THEREFORE, in consideration of the above findings of fact and conclusions of law, IT IS ORDERED as follows:

1. To the extent that the Rejected Leases were not terminated prior to the Petition Date or subject to immediate termination by receipt of the Motion, the Rejected Leases are rejected as of the date of the Motion.

2. Any claim arising from the rejection of any of the Rejected Leases shall be filed within 30 days after the date of the entry of this Order, and if not timely filed any such claim shall be barred.

3. Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of any of the Contracts shall file with the Court within 30 days after the date of the entry of this Order (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed any such claim shall be barred. It shall not be sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to any of the Rejected Leases without timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim. Any proofs of claim filed by a creditor asserting an administrative claim arising out of or related to any of the Contracts that are filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim shall be disallowed.