## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-04510-5-JNC |
| THE LITTLE MINT, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### DEBTOR'S RESPONSE IN OPPOSITION TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR RECONSIDERATION

COMES NOW, the Debtor, by and through its undersigned counsel of record, and hereby responds to the Motion of Official Committee of Unsecured Creditors for Reconsideration of Order Granting Debtor's Third Application for Extension of the Exclusivity Period for Filing Plan of Reorganization and Acceptance Deadline, filed on August 22, 2025, D.E. 440 (the "Motion"). In support of this response, the Debtor states as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 31, 2024 (the "Petition Date").

2. On February 19, 2025, the Court entered the Order to File Plan and Disclosure Statement and Notice of Status Conference, D.E. 164, setting the initial deadline for the Debtor to file its plan and disclosure statement on March 31, 2025.

3. On March 27, 2025, the Debtor filed its Application for Extension of the Exclusivity Period and Acceptance Deadline, D.E. 245, which the Court allowed by Order dated March 28, 2025, D.E. 247, granting an extension of the exclusivity period under 11 U.S.C. §1121(b) to and through June 29, 2025, and an extension of the acceptance deadline to and through August 28, 2025.

4. On March 27, 2025, the Debtor filed a Motion to Bifurcate Hearings on the Approval of Debtor's Disclosure Statement and Confirmation of the Plan of Reorganization, D.E.

246, (the "Bifurcation Motion") and the Court entered an Order allowing the Bifurcation Motion on March 31, 2025. D.E. 253.

5. The Debtor filed its Plan of Reorganization, D.E. 327 (the "Plan"), and Disclosure Statement, D.E. 328 (the "Disclosure Statement"), on May 30, 2025. The hearing on the Disclosure Statement was initially scheduled for July 15, 2025. D.E. 329.

6. On June 26, 2025, the Debtor filed its Second Application for Extension of the Exclusivity Period and Acceptance Deadline, D.E. 370, which the Court allowed by Order dated June 27, 2025, D.E. 371, granting an extension of the exclusivity period under 11 U.S.C. §1121(b) to and through August 28, 2025, and an extension of the acceptance deadline to and through October 27, 2025.

7. On August 20, 2025, the Debtor filed its Third Application for Extension of the Exclusivity Period and Acceptance Deadline, D.E. 436, which the Court allowed by Order dated August 22, 2025, D.E. 439 (the "Third Extension Order"), granting an extension of the exclusivity period under 11 U.S.C. §1121(b) to and through October 27, 2025 and an extension of the acceptance deadline to and through December 26, 2025.

8. On August 22, 2025, the Committee filed its Motion to Reconsider.

9. The Debtor and Committee have been in discussions on how to resolve the Motion and the foregoing Response. The Debtor is hopeful the parties can reach a resolution by the hearing date set on this matter, namely August 28, 2025 and files this response to preserve its rights in the event such negotiations are unsuccessful.

10. The primary basis for the Committee's Motion appears to be the Committee's perceived "failure" by the Debtor to make sufficient progress in negotiations with its creditors. D.E. 440 at ¶ 16. This is a mischaracterization.

11. The size and complexity of this case do warrant the Debtor's requested extension of the exclusivity and acceptance periods. As filed, the Debtor's Plan has twenty-four (24) classes of creditors. Through negotiations, rejection of leases, abandonment of assets, and ongoing efforts by the Debtor, the Debtor has addressed plan treatment for a number of these creditors and will only continue to reach additional resolutions given additional time.

12. The Debtor is in final stages of negotiated treatments with the Debtor's largest secured creditor, Johnson Breeders and with Performance Food Group, Inc., the Debtor's other major secured creditor.

13. In addition, the Debtor has commenced multiple adversary proceedings in an effort to resolve and determine ongoing lien priority issues in the case: the adversary proceeding against Austin Business Finance, LLC, filed on April 15, 2025, Adversary Proceeding No. 25-00083-5-JNC, and the adversary proceeding against the United States Small Business Administration, filed on June 20, 2025, Adversary Proceeding No. 25-00128-5-JNC.

14. When this case was filed, the Debtor was a party to a significant number of leases of non-residential real property for its various restaurants. Since filing, the Debtor has rejected thirty-two (32) corporate restaurant leases and twenty-one (21) franchise restaurant leases. The Debtor had a variety of financed restaurant equipment at these locations, which the Debtor abandoned in connection with rejection of the leases.

15. The Debtor believes that there is no sufficient basis for the Court to reconsider its previously entered Third Extension Order, nor is there any basis to require that any future requests to extend the exclusivity period require the express consent of the Committee. The Debtor reserves its right to additional argument in the event the parties are unable to negotiate a resolution.

WHEREFORE, the Debtor prays for the following relief:

1. That the Committee's Motion be denied;

2. That a hearing be conducted on this matter; and

3. For such other and further relief as this Court may deem just and proper.


Dated: August 26, 2025

                    **HENDREN, REDWINE & MALONE, PLLC**
s/Rebecca Redwine Grow
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Stoney (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com
       bwaller@hendrenmalone.com
       lstoney@hendrenmalone.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I, Rebecca Redwine Grow, 4600 Marriott Drive, Suite 150, Raleigh, North Carolina 27612, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day I served copies of the foregoing pleading on the parties listed below either electronically or by depositing a copy of the same in the United States mail bearing sufficient postage.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2025

        **HENDREN, REDWINE & MALONE, PLLC**

        s/<u>Rebecca Redwine Grow</u>
        Jason L. Hendren (NC State Bar No. 26869)
        Rebecca Redwine Grow (NC State Bar No. 37012)
        Benjamin E.F.B. Waller (NC State Bar No. 27680)
        Lydia C. Stoney (NC State Bar No. 56697
        4600 Marriott Drive, Suite 150
        Raleigh, NC 27612
        Telephone: (919) 573-1422
        Facsimile: (919) 420-0475
        Email: jhendren@hendrenmalone.com
              rredwine@hendrenmalone.com
              bwaller@hendrenmalone.com
              lstoney@hendrenmalone.com
        *Counsel for the Debtor*

Brian C. Behr                      via CMECF
Bankruptcy Administrator

Jennifer Lyday                   via CMECF
Ciara Rogers
Counsel for the UCC